[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
This is an appeal from the Probate Court for the District of Waterbury. It involves the appointment by that court of a conservator for the person and for the estate of the plaintiff-appellant, Greg C.
The defendant-appellee, Michael Vendetti has moved this court to dismiss this action for the following reasons:
 (1) The appeal was taken beyond the time authorized in Sec. 45a.-187, C.G.S.; CT Page 3301
 (2) The Waterbury Probate Court did not authorize an appeal from probate of its August 5, 1995 order;
(3) The bond for security for costs is defective;
(4) The writ of summons is defective; and
 (5) The defendant did not receive notice of the plaintiff's motion for appeal filed with the Waterbury Probate Court.
He has filed a memorandum of law in support of his motion.
The appellant, Greg C., has filed his brief in opposition to said motion to dismiss.
The court heard argument regarding said motion and reserved decision.
Having taken into consideration the arguments of the parties, their memoranda and the applicable statutes and case law, the court makes the following findings and orders.
At the time of the hearing on this motion, the evidence and testimony dealt primarily with the issues of the timeliness of the appeal and the scope of the appeal authorized by the probate court. Those are the two areas which are the focus of this decision.
The movant offered argument that the appeal is governed by Sec. 45a-187, C.G.S. [Time of taking appeals], and that there must be strict compliance with the terms and provisions of that statute.
The movant pointed out that on August 1, 1995, the appellant's sister, Michelle V. was appointed by the Waterbury Probate Court to be the conservator of the person of the appellant, Greg C.
No appeal was taken from that decree.
On December 12, 1995, more than four months later, Michelle V. was appointed conservator of the estate of Greg C. CT Page 3302
On December 5, 1996, almost twelve months thereafter, the appellant, Greg C., filed a motion for appeal from probate in the Waterbury Probate Court regarding the December 12, 1995 order and decree of that court.
On December 5, 1996, the Waterbury Probate Court (Lawlor, J.) granted a decree allowing appeal from probate regarding the decree and order of that court dated December 12, 1995.
Nowhere in the motion for appeal nor in the decree allowing probate was there any reference to the decree of August 1, 1995.
The appellant has argued that "[t]his Court's equitable powers allow it to reach back to the August 1995 hearing, to remedy the manifest injustice done to Mr. C." While the court does have broad equitable powers, they are not so broad as to address issues which were never raised by the appellant in his motion for appeal and never made part of the decree allowing appeal. Only a Probate Court may allow an appeal from its own decree. 1 Locke Kohn, Conn. Probate Practice Sec. 199.
For that reason alone, the court grants the defendants' motion to dismiss the appellant's challenge to the August 1995 decree appointing the defendant Michelle V. conservator of the person of Greg C.
In regard to the December 12, 1995 decree appointing Michelle V. to be conservator of the estate of Greg C., the court finds that it was not appealed until December 5, 1996. That is approximately one week less than a full year after the appointment.
Section 45a-187, m C.G.S. governs the time of taking appeals from probate. That statute expressly provides, in relevant part, as follows: "(a) an appeal under Sec. 45a-186 [appeals from probate] by those of the age of majority and who are present OR who have legal notice to be present, shall be taken within THIRTY DAYS. If such persons have no notice to be present AND are not present, then the appeal shall be taken within TWELVE MONTHS . . ." (emphasis added).
The appellant argues that he is entitled to bring his appeal more than thirty days after the decree because he did not receive notice of the hearing and he did not attend the hearing. The decree of the court dated December 12, 1995 recites, in part, CT Page 3303 "NOTICE WAS GIVEN IN ACCORDANCE WITH ANY ORDER OF NOTICE PREVIOUSLY ENTERED ALL PERSONS HAVING AN INTEREST IN SAID MATTER APPEARED AND WERE FULLY HEARD OR MADE DEFAULT OF APPEARANCE." (Plaintiff's Ex.#1).
No competent evidence or testimony was presented before this court as to the lack of service on the appellant, Greg C. or to establish the allegation (set forth in the objection to the motion to dismiss) that he was not present at the hearing.
Based on the lack of such competent evidence, this court cannot find that the Probate Court erred when it expressly found that the requisite notice of the December 12, 1995 hearing on the petition for the appointment of a conservator of the estate of Greg C. had been given.
Having made that finding, the court further finds that, pursuant to statute, the appellant was required to take his appeal from the probate decree within thirty days of the December 12, 1995 order and that he failed to do so.
For the foregoing reasons, the motion to dismiss the appeal from probate is granted.
In view of the foregoing order, the court declines at this time to take up the additional grounds set forth in their motion to dismiss.
By The Court
J.W. Doherty, Judge